Singh v. Sessions

BIA
Christensen, IJ
A087 942 565

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of October, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SURJIT SINGH,
> *Petitioner,*

v.                                              16-1603
                                                NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Shelley R. Goad,
                       Assistant Director; Laura Halliday
                       Hickein, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Surjit Singh, a native and citizen of India, seeks review of an April 22, 2016 decision of the BIA, affirming a December 19, 2013 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to reopen in the first instance. *In re Surjit Singh,* No. A087 942 565 (B.I.A. Apr. 22, 2016), *aff'g* No. A087 942 565 (Immig. Ct. N.Y. City Dec. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

## Asylum, Withholding of Removal, and CAT Relief

The agency reasonably concluded that Singh failed to establish his eligibility for asylum and withholding of removal based on police persecution, because he failed to demonstrate that police targeted him on account of a protected ground. To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). "[T]he enforcement of generally applicable law cannot be said to be on account of the offender's political opinion, even if the offender objects to the law." *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (B.I.A. 1983) ("[T]he possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure from [his home country] does not demonstrate a likelihood of persecution under the Act."). "At the same time, prosecution that is pretext for political persecution is

3

not on account of law enforcement." *Jin Jin Long*, 620 F.3d at 166.

Given that Singh met secretly with violent extremists responsible for terrorist attacks in his hometown and did not report that meeting to authorities, the agency reasonably concluded the police had a legitimate reason to detain and question him. See *id.; Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992). Furthermore, the agency did not err in concluding that the beating Singh suffered while detained, although unacceptable, did not demonstrate a pretext for political persecution. Singh was released the next day after his village leader and brother convinced the police that he was not a terrorist and paid a bribe, and Singh did not testify to any facts from which the IJ could infer that the police continued to harass him on account of his status as a Sikh or any imputed political opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) ("The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief.").

The agency also did not err in concluding that Singh failed to establish his eligibility for asylum and withholding based

4

on threats from Khalistani extremists.  The extremists'
unfulfilled threats against Singh did not constitute past
persecution, *see Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408,
412-13 (2d Cir. 2006), and the IJ reasonably concluded that
Singh failed to establish the Indian government was unable or
unwilling to protect him from extremists.  The evidence
revealed that the military actively combats separatists, that
police detained Singh for questioning after he secretly met with
extremists, that police from different jurisdictions cooperate
in investigating and prosecuting terrorist acts by extremists,
and that the Indian government has requested assistance from
foreign governments to combat extremists.  *See Pan v. Holder*,
777 F.3d 540, 543 (2d Cir. 2015) ("Private acts can [] constitute
persecution if the government is unable or unwilling to control
such actions.").

Nor did the agency err in concluding that, even if Singh
faces harm by police and extremists, he can safely relocate
within India to avoid persecution and torture.  "An applicant
does not have a well-founded fear of persecution if the
applicant could avoid persecution by relocating to another part
of the applicant's country of nationality . . . if under all

5

the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii); *see also Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006).

As the IJ noted, Singh testified that, after his encounter with extremists and police, he lived with his cousin in Jalandhar on and off for approximately 19 months without harm, despite the fact that the extremists who purportedly sought to harm him were active in that city. Although Singh testified that he was in hiding during that time, he did not explain what that meant, and the IJ was not compelled to credit his statement. Singh received his government pension, obtained a visa for the United States, and travelled between India and the United States twice during the time he was purportedly hiding. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Because Singh avoided harm by relocating within India, the IJ did not err in concluding that he could safely relocate and thus failed to establish his eligibility for asylum,

withholding of removal, or CAT relief.  See 8 C.F.R. §§ 1208.13(b)(2)(ii), 1208.16(b)(2), (c)(3)(ii); *see also Surinder Singh*, 435 F.3d at 219 ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country.").

Motion to Reopen

The BIA did not err in denying Singh's motion to reopen based on his failure to demonstrate his prima facie eligibility for relief.  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). Singh asserted a fear that the government of the new Hindu prime minister would target him as a Sikh supporter of the Shiromani Akali Dal Amritsar party, and that ISIL, which had set up a camp near the India/Pakistan border, would target him to help them train recruits.  He submitted articles that several Sikh political and religious leaders had been arrested but he did not demonstrate that he was a similarly situated Sikh leader or that the arrests were attributable to the national government.  Aside from his sworn statement that ISIL was rumored to have a camp on the border of Pakistan and India, Singh did not provide any objective evidence that ISIL is aware or likely to become aware of his military service or seek his

7

expertise. *See Abudu*, 485 U.S. at 104-05; *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Accordingly, the BIA did not err in denying Singh's motion to reopen for failure to demonstrate his prima facie eligibility for relief. *See Abudu*, 485 U.S. at 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk